JOEL D. SIEGEL (Bar No. 155581)
joel.siegel@dentons.com
KELLY R. GRAF (Bar No. 301325)
kelly.graf@dentons.com
POOJA L. SHAH (Bar No. 330550)
pooja.l.shah@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Attorneys for Defendant
WEST MARINE PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br>WEST MARINE PRODUCTS INC., a Florida corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:22-cv-2082<br><br>**NOTICE OF REMOVAL UNDER CAFA, 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446, AND 28 U.S.C. § 1453**<br><br>[From the Superior Court of California, County of Riverside, Case No. CVRI2204524] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1453, Defendant WEST MARINE PRODUCTS, INC. (hereinafter "West Marine" or "Defendant") hereby files its Notice of Removal of the above-entitled action from the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California. In support of its removal, Defendant respectfully offers the following:

## I. BACKGROUND

1. On October 19, 2022, Plaintiff Sonya Valenzuela ("Plaintiff") filed a civil action, on behalf of a putative California Class, captioned *Sonya Valenzuela, individually and on behalf of all others similarly situated, v. West Marine Products, Inc., a Florida Corporation, and DOES 1-10, inclusive*, Riverside County Superior Court Case No. CVRI2204524 ("State Court Action").

2. The sole named defendant in the State Court Action is West Marine Products, Inc.

3. Plaintiff alleges two causes of action against West Marine for invasion of privacy in violation of California Penal Code section 631 and California Penal Code section 632.7. (Complaint ¶¶ 20-33).

4. The Complaint alleges that West Marine "covertly embedded software code" that "intercepts, records and creates transcripts" of conversations of website visitors who use the chat feature on West Marine's website, and "allows a third party vendor" to eavesdrop upon those communications in violation of Penal Code section 631. (*Id.* ¶¶ 1, 4.) The Complaint further alleges that West Marine violated Penal Code section 632.7 because "Plaintiff's communications with [West Marine]" were transmitted from a "smart phone." (*Id.* ¶¶ 10, 32.)

5. On October 28, 2022, a copy of the Summons, Complaint, and associated papers were personally served on West Marine's attorney for service of process. Pursuant to 28 U.S.C. § 1446(a), all of the pleadings and papers filed and served upon West Marine in the State Court Action, including the Complaint, are attached as **Exhibit A**.

6. West Marine is filing this Notice of Removal within thirty (30) days of the service of Plaintiff's Complaint on it in this action, and thus removal is timely under 28 U.S.C. section 1446.

7. The State Court Action is removable to this Court, and this Court has jurisdiction over this action, under CAFA, 28 U.S.C. § 1332(d), 28 U.S.C. § 1446,

and 28 U.S.C. § 1453, because the State Court Action satisfies all the requirements under CAFA for federal jurisdiction based upon Plaintiff's allegations and theories (which West Marine disputes, but which control for removal purposes): (1) the parties are minimally diverse; (2) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; (3) the proposed class consists of more than 100 putative class members; and (4) the exceptions to CAFA preventing removal do not apply.

## II. THE STATE COURT ACTION IS REMOVABLE UNDER CAFA, 28 U.S.C. § 1332(d).

8. Plaintiff filed this putative class action Complaint on behalf of:

> "All persons within California, who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using a cellular telephone, and (2) whose communications were recorded, and/or eavesdropped upon without prior consent." [Complaint *Id.* ¶ 19.]

Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action be brought by 1 or more representative persons as a class action."

9. CAFA expands federal jurisdiction over class actions and expressly provides that class actions filed in state court are removable to federal court where (a) any member of the putative class is a citizen of a State different from that of any defendant; (b) the aggregate amount in controversy for the putative class exceeds $5,000,000 exclusive of interest and costs; and (c) the putative class contains at least 100 members. 28 U.S.C. § 1332(d); *see Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007). This suit satisfies all the requirements under CAFA for federal jurisdiction.

### A. Burden on Removal

10. In removing an action to federal court under CAFA, a defendant is not

required to submit evidence that the jurisdictional elements are satisfied. To the contrary, a "defendant's notice of removal need include only a plausible allegation" that the CAFA requirements are satisfied. *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81 (2014).

### B.     Minimal Diversity Exists.

11.     CAFA requires minimal diversity—at least one putative class member must be a citizen of a state different than one defendant. 28 U.S.C. § 1332(d)(2)(A). Here, many putative class members are citizens of the State of California. Specifically, Plaintiff "brings this action individually and on behalf and on behalf of … all persons within California" whose communications on Defendant's website, http://www.westmarine.com, were allegedly wiretapped. (Complaint ¶¶ 14.) "[A] person's place of residence ... is prima facie proof of his domicile" for purposes of jurisdiction. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011); *see State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (same); *Gonzalez v. First NLC Fin. Serv.*, 2009 WL 2513670, at *2 (C.D.Cal. Aug. 12, 2009) (same).

12.     In fact, the putative class contains at least one putative class member who is expressly identified as "a resident of the State of California residing in Riverside County," namely, Plaintiff Sonya Valenzuela. (Complaint ¶ 4); *see Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 886 (9th Cir. 2013) ("under CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations. ..."); *see also Hollinger*, 654 F.3d at 571 (residence is "prima facie proof" of domicile).

13.     For the purposes of CAFA, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, West Marine is a corporation organized under the laws of the State

of Florida.

14. The phrase "principal place of business" refers to the place where a company's "high level officers direct, control, and coordinate" operations, and will "typically be found" at a company's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 175 L.Ed.2d 1029, 130 S.Ct. 1181 (2010).

15. Here, West Marine's officers direct, control, and coordinate West Marine's activities from its headquarters in Fort Lauderdale, Florida. Thus, West Marine's principal place of business is in the State of Florida. Because West Marine is a citizen of Florida, and because many putative class members are citizens of California, minimal diversity exists.

### C. The Putative Class Exceeds 100 Members.

16. CAFA requires that the class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5). This requirement is met here. Plaintiff alleges she "does not know the number of Class Members but believes the number to be in the *thousands, if not more*." (*See* Complaint ¶ 15 (emphasis added).)

### D. The CAFA Amount-in-Controversy Requirement is Satisfied.

17. CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."). In a Notice of Removal, a defendant need only allege that it is more likely than not that the amount in controversy exceeds $5,000,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Moreover, the ultimate inquiry depends on what amount is "put in controversy" by the plaintiff—not what a defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). In considering whether the amount in controversy is met in actions seeking statutory penalties, courts may consider the statutory maximum penalty available under the

claims asserted. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000); *Morey v. Louis Vuitton N. Am., Inc.*, 461 Fed. Appx. 642, 643 (9th Cir. 2011) (CAFA amount-in-controversy satisfied where "complaint sought [statutory] penalties of 'up to ... $1,000 per violation'").

18. Here, based upon Plaintiff's allegations and theories (which West Marine disputes, but which control for removal purposes), the $5,000,000 amount in controversy requirement is satisfied. Plaintiff's prayer for relief seeks for Plaintiff and each member of the putative class, statutory damages for violations of CIPA and punitive damages.

19. Violations of Cal. Penal Code Section 631 are "punishable by a fine not exceeding two thousand five hundred dollars ($2,500) …" Likewise, violations of Cal. Penal Code Section 632.7 are "punishable by a fine not exceeding two thousand five hundred dollars ($2,500) …."

20. The Complaint does not quantify the number of alleged wiretaps at issue, or otherwise quantify the amount of damages sought. (*See* Complaint ¶ 31 (alleging only that the putative class is entitled to "statutory damages pursuant to CIPA.").) The Complaint alleges Plaintiff "does not know the number of Class Members but believes the number to be in the thousands, if not more." (*See* Complaint ¶ 15). Thus, the amount in controversy far exceeds the $5,000,000 to satisfy CAFA's amount in controversy requirement (*i.e.*, $2,500 in statutory damages per violation of Cal. Penal Code Section 631 plus $2,500 in statutory damages per violation of Cal. Penal Code Section 632.7, multiplied by 2,000 putative class members alone equals $10,000,000 for alleged violations of CIPA).

21. The exceptions to CAFA preventing removal do not apply here.

### IV. REMOVAL TO THE CENTRAL DISTRICT IS PROPER

22. This Notice of Removal is filed within thirty days of October 28, 2022, when West Marine was served with the Summons and Complaint in the State Court Action. Thus, this Notice of Removal is timely filed in accordance with 18 U.S.C.

1  § 1446(b).

2  23. The United District Court for the Central District of California embraces
3  the county and court in which the Plaintiff filed this case. 28 U.S.C. § 84(c).
4  Therefore, this action is properly removed to this Court pursuant to 28 U.S.C.
5  § 1446(a).

6  24. Pursuant to 28 U.S.C. § 1446(a), West Marine has attached as **Exhibit**
7  **A**, a copy of all process, pleadings and orders served upon it in the State Court
8  Action.

9  25. West Marine will promptly serve Plaintiff with this Notice of Removal,
10 and will promptly file a copy of this Notice of Removal with the clerk of the Superior
11 Court of the State of California for the County of Riverside, as required by 28 U.S.C.
12 § 1446(d).

Dated: November 23, 2022          Respectfully submitted,

DENTONS US LLP


By: */s/ Kelly R. Graf*
      Kelly R. Graf

Attorneys for Defendant
WEST MARINE PRODUCTS, INC.

122718593