# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 10/19/2022 10:57 AM
Case Number CVRI2204524 0000037077454 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Dallas Vitito, Clerk

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WEST MARINE PRODUCTS INC., a Florida corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. CVRI2204524 <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** <br> **(1) PENAL CODE § 631; AND** <br> **(2) PENAL CODE § 632.7** |

## I. <u>INTRODUCTION</u>

**Defendant (1) secretly wiretaps the private conversations of everyone who communicates through the chat feature at** <u>www.westmarine.com</u> **(the "Website"); and (2) allows at least one third party to eavesdrop on such communications in real time and during transmission to harvest data for financial gain.**

**Defendant does not obtain visitors' consent to either the wiretapping or the eavesdropping. As a result, Defendant has violated the California Invasion of Privacy Act ("CIPA") in numerous ways.**

## II. <u>JURISDICTION AND VENUE</u>

1.      This Court has jurisdiction over all causes of action asserted herein.

2.      Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and engaged in the wrongful conduct alleged herein against residents of this County.

3.      Any out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## III. <u>PARTIES</u>

4.      Plaintiff is a resident of California residing in Riverside County.

5.      Defendant owns, operates, and/or controls the Website.

6.      The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.      Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and

scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

8.     Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## IV. FACTUAL ALLEGATIONS

1.     The California Invasion of Privacy Act ("CIPA") prohibits both wiretapping and eavesdropping of electronic communications without the consent of all parties to the communication. Compliance with CIPA is easy, and the vast majority of website operators comply by conspicuously warning visitors when their conversations are being recorded or if third parties are eavesdropping on them.[1]

2.     Unlike most companies, Defendant *ignores* CIPA.  Instead, Defendant both **wiretaps** the conversations of all website visitors and allows a third party to **eavesdrop** on the conversations in real time during transmission.  Why?  Because, as one industry expert notes, "*Live chat transcripts are the gold mines of customer service.  At your fingertips, you have valuable customer insight. . .***When people are chatting, you have direct access to their exact pain points."**).  *See* https://www.ravience.co/post/improve-marketing-roi-live-chat-transcripts (downloaded October 2022).

3.     Defendant's wiretapping and eavesdropping are not incidental to the act of facilitating e-commerce, nor are they undertaken in the ordinary course of business. To the contrary, Defendant's actions violate both industry norms and the legitimate expectations of consumers.[2]

4.     To enable the **wiretapping**, Defendant has covertly embedded software code that functions as a device and contrivance into its website that automatically intercepts, records and creates transcripts of all conversations using the website chat feature.   To enable the **eavesdropping**, Defendant allows at least one independent third-party vendor (on information and belief, Salesforce) to

---

[1]     *See* www.leechtishman.com/insights/blog ("*CIPA Compliance is not difficult. A business must take certain steps. . .with a chat feature. . .to ensure that it obtains valid consent consistent with the holdings of courts interpreting CIPA.*") (last downloaded October 2022).
[2]     According to a recent poll, nearly eight in ten Americans believe that companies do not collect or share consumer data gathered online, while about seven in ten believe that they remain anonymous when engaged in online activities like web browsing and chatting.  *See* https://www.ipsos.com/en-us/news-polls/data-privacy-2022 (last downloaded October 2022).

use a software device or contrivance to secretly intercept (during transmission and in real time), eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors – even when such conversations are private and deeply personal.

5.    Defendant neither informed visitors of this conduct nor obtained their consent to these intrusions.

6.    Given the nature of Defendant's business, visitors often share highly sensitive personal data with Defendant via the website chat feature.  As noted above, visitors would be shocked and appalled to know that Defendant secretly records those conversations, and would be even more troubled to learn that Defendant allows a third party to eavesdrop on the conversations in real time under the guise of "data analytics."

7.    Defendant's conduct is illegal, offensive, and contrary to visitor expectations: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy, and (2) 75% of adults are unaware of the extent to which companies gather, store, and exploit their personal data.

8.    Plaintiff is a consumer privacy advocate with dual motivations for initiating a conversation with Defendant.  First, Plaintiff was genuinely interested in learning more about the goods and services offered by Defendant.  Second, Plaintiff is a "tester" who works to ensure that companies abide by the privacy obligations imposed by California law.  As someone who advances important public interests at the risk of vile personal attacks, Plaintiff should be "praised rather than vilified." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th Cir. 2006).

9.    In enacting CIPA, the California legislature intentionally chose to extend its protections to all "persons" utilizing public telephone lines.  Indeed, because the legislature expressly extended protection to persons beyond individuals claiming pecuniary loss, statutes like CIPA are largely enforced by civic-minded "testers" such as Plaintiff.  See *Tourgeman v. Collins Fin. Servs.*, Inc., 755

F.3d 1109 (9th Cir. 2014) (explaining why testers have Article III standing and generally discussing value and importance of testers in enforcement of consumer protection and civil rights statutes).[3]

10.    Within the last year, Plaintiff visited Defendant's Website.  Plaintiff used a smart phone (a cellular telephones with an integrated computer to enable web browsing) and had a conversation with Defendant.  As such, Plaintiff's communications with Defendant were transmitted from a "cellular radio telephone" as defined by CIPA.

11.    By definition, Defendant's chat communications from its website are transmitted to website visitors by telephony subject to the mandates of CIPA:  "[T]hough written in terms of wiretapping, Section 631(a) applies to Internet communications. It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. 2022).   *See also* https://www.britannica.com/technology/Internet ("*The Internet works through a series of networks that connect devices around the world through telephone lines.*") (last downloaded October 2022).

12.    Defendant did not inform Plaintiff or Class Members that Defendant was secretly recording their conversations or allowing, aiding, and abetting a third party to intercept and eavesdrop on them in real time.  Plaintiff did not learn that Defendant secretly recorded their conversation or allowed a third party to eavesdrop upon it until after the conversation was completed and additional, highly technical research was completed.

13.    Defendant did not obtain Class Members' express or implied consent to wiretap or allow third parties to eavesdrop on visitor conversations, nor did Class Members know at the time of the conversations that Defendant was secretly wiretapping them and allowing third parties to eavesdrop on them.

---

[3]   Civil rights icon Rosa Parks was acting as a "tester" when she initiated the Montgomery Bus Boycott in 1955, as she voluntarily subjected herself to an illegal practice to obtain standing to challenge the practice in Court.  *See* https://www.naacpldf.org/press-release/ldf-pays-tribute-to-rosa-parks-on-the-sixtieth-anniversary-of-her-courageous-stand-against-segregation/ "(*Contrary to popular myth, Rosa Parks was not just a tired seamstress who merely wanted to sit down on a bus seat that afternoon. She refused to give up her seat on principle. Parks had long served as the secretary of the Montgomery branch of the NAACP [and] challenging segregation in Montgomery's transportation system was on the local civil rights agenda for some time.*") (last downloaded October 2022).

## V. <u>CLASS ALLEGATIONS</u>

14.     Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using a cellular telephone, and (2) whose communications were recorded and/or eavesdropped upon without prior consent.**

15.     <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

16.     <u>COMMONALITY</u>: Common questions of fact and law exist as to all class members, and predominate over any questions affecting only individual members of the Class.  Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

a.      Whether Defendant caused electronic communications from class members with the Website to be recorded, intercepted, and/or monitored;

b.      Whether Defendant aided and abetted a third party in eavesdropping on such communications;

c.      Whether Plaintiff and Class Members are entitled to statutory penalties; and

d.      Whether Class Members are entitled to injunctive relief.

17.     <u>TYPICALITY</u>: As a person who visited Defendant's Website and whose chat was recorded, intercepted and eavesdropped upon without prior knowledge or consent, Plaintiff is asserting claims that are typical of the Class.

18.     <u>ADEQUACY</u>: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation.  All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

19.     SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient.  Even if every Class Member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

**FIRST CAUSE OF ACTION**

**Violations of the California Invasion of Privacy Act**

**Cal. Penal Code § 631**

20.     Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or (2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section".  *Here, Defendant does all three.*

*21.*     Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's and the Class's electronic communications with Defendant's Website.  "Though written in terms of wiretapping, Section 631(a) applies to Internet communications.  It makes liable anyone who 'reads, or attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the communication.' *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. 2022).

22.     The software embedded on Defendant's Website to record and eavesdrop upon the Class's communications qualifies as a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct alleged herein.

23.    At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Class Members with Defendant's Website to be recorded.  Defendant also aided, abetted at least one third party to eavesdrop upon such conversations during transmission and in real time.

24.    Plaintiff and Class Members did not expressly or impliedly consent to any of Defendant's actions.

25.    Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff and Class Members to injunctive relief and statutory damages.

## SECOND CAUSE OF ACTION

### Violations of the California Invasion of Privacy Act

### Cal. Penal Code § 632.7

26.    Section 632.7 of California's Penal Code imposes liability upon anyone "who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone."  As summarized by the California Supreme Court in *Smith v. Loanme*, under section 632.7(a) it is a crime when a person intercepts or records "a communication transmitted between a cellular or cordless telephone and another telephone."  Stated differently, only one party to the conversation needs to be using a cellular phone for the prohibitions of Section 632.7 to apply.

27.    Section 632.7 defines "Communication" exceptionally broadly – including not only voice communication, but also communications transmitted by "data, or image, including facsimile." Text messages sent from a smart phone to a computer or internet, like the messages at issue here, are considered data transmissions via cellular telephony to landline telephony, thus subject to Section 632.7. *See* https://www.techtarget.com/searchmobilecomputing/definition/texting ("*Text messaging is the act of sending short, alphanumeric communications between cellphones, pagers or other hand-held devices, as implemented by a wireless carrier. . . **Users can also send text messages from a***

1     ***computer to a hand-held device. Web texting, as it's called, is made possible by websites called SMS***

2     ***gateways.***") (last downloaded October 2022).

3        28.     Courts have applied Section 632.7 to internet data communications like those at issue

4     here. *See Adler v. Community.com, Inc.*, 2021 WL 4805435 (C.D. Cal. Aug. 2, 2021)  Moreover,

5     Section 637.2 "apply to all communications, not just confidential communications." *Kearney v.*

6     *Salomon Smith Barney*, *Inc.* (2006)  39  Cal.4th  95, 122.

7        29.     Plaintiff and the class members communicated with Defendant using telephony subject

8     to the mandates and prohibitions of Section 632.7.

9        30.     Defendant's communication from the chat feature on its website is transmitted via

10     telephony subject to the mandates and prohibitions of Section 632.7.

11        31.     As set forth above, Defendant recorded telephony communication without the consent

12     of all parties to the communication in violation of Section 632.7.

13        32.     As set forth above, Defendant also aided and abetted a third party in the interception,

14     reception, and/or intentional recordation of telephony communication in violation of Section 632.7.

15        33.     Defendant's conduct constitutes numerous independent and discreet violations of Cal.

16     Penal Code § 632.7, entitling Plaintiff and Class Members to injunctive relief and statutory damages.

17                                   **<u>PRAYER FOR RELIEF</u>**

18     WHEREFORE, Plaintiff prays for the following relief against Defendant:

19     1.     An order certifying the Class, naming Plaintiff as the representative of the Class and

20           Plaintiff's attorneys as Class counsel;

21     2.     An order declaring Defendant's conduct violates CIPA;

22     3.     An order of judgment in favor of Plaintiff and the Class and against Defendant on the

23           causes of action asserted herein;

24     4.     An order enjoining Defendant's conduct as alleged herein and any other injunctive

25           relief that the Court finds proper;

26     5.     Statutory damages pursuant to CIPA;

27     6.     Punitive damages;

28     7.     Reasonable attorneys' fees and costs; and

8.     All other relief that would be just and proper as a matter of law or equity, as determined

by the Court.

Dated: October 19, 2022                    PACIFIC TRIAL ATTORNEYS, APC

By:_____

Scott. J. Ferrell
Attorneys for Plaintiff

Electronically FILED by Superior Court of California, County of Riverside on 10/19/2022 10:57 AM
Case Number CVRI2204524 0000037077456 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Dallas Vitito, Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | |

RI-CI032

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*:<br>Scott J. Ferrell, Bar No. 202091 / Victora C. Knowles, Bar No. 277231<br>Pacific Trial Attorneys<br>4100 Newport Place Drive, Ste. 800<br>Newport Beach, CA 92660<br><br>TELEPHONE NO: 949-706-6464      FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff | *FOR COURT USE ONLY* |
| PLAINTIFF/PETITIONER: SONYA VALENZUELA, et al.<br><br>DEFENDANT/RESPONDENT: WEST MARINE PRODUCTS INC., et al. | CASE NUMBER:<br>CVRI2204524 |

| |
|---|
| **CERTIFICATE OF COUNSEL** |

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒    The action arose in the zip code of:  92563 _____

☐    The action concerns real property located in the zip code of:  _____

☐    The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  October 19, 2022 _____

Scott J. Ferrell
_____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶  _____
(SIGNATURE)

Page 1 of 1

Electronically FILED by Superior Court of California, County of Riverside on 10/19/2022 10:57 AM

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott J. Ferrell (Bar #202091) / Victoria C. Knowles (Bar # 277231) PACIFIC TRIAL ATTORNEYS, A Professional Corporation 4100 Newport Place Drive, Suite 800,  Newport Beach, CA 92660 | |

TELEPHONE NO.: (949) 706-6464          FAX NO.:

ATTORNEY FOR *(Name):* Plaintiff and the Class

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE

STREET ADDRESS: 4050 Main Street

MAILING ADDRESS:

CITY AND ZIP CODE: Riverside, CA  92501

BRANCH NAME:

CASE NAME:
Valenzuela, et al. v. West Marine Products Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CVRI 2204524 |
|---|---|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter** [ ] **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [X] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):* Two (2)

5. This case [X] is [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 19, 2022

Scott J. Ferrell
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2204524

**Case Name:**    VALENZUELA vs WEST MARINE PRODUCTS INC.

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Harold W. Hopp in Department 10  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 10/20/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _Dalton Vitito_ _____

D. Vitito, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

| CASE TITLE: Valenzuela v. West Marine Products, Inc | Department 10 | FILED SUPERIOR COURT OF CALIFORNIA COUNTY OF RIVERSIDE OCT 27 2022 E. Escobedo |
| CASE NO.: ~~CVRI2204525~~ CVRI 2204524 | | |
| DATE: October 20, 2022 | | |

| PROCEEDING: Class Action Case Management Order #1 | |

Unless otherwise ordered, this Case Management Order ("CMO") shall govern the management of this case.

A.   <u>IN GENERAL</u>

1.   The Court finds that this is a complex case. *Cal. Rules of Court*, rules 3.400(c)(6), 3.403(b). The clerk shall impose fees accordingly. The court will entertain objections to this designation at the next Case Management Conference or status conference.

2.   This case has been assigned to Department 10, Judge Harold W. Hopp, for all purposes, including case management, law and motion, and trial.

3.   The plaintiff shall serve a copy of this CMO on any defendant who has not yet appeared, and shall file proof of service promptly thereafter.

B.   <u>CASE MANAGEMENT AND THE CASE PROGRESSION PLAN</u>

1.   The Court finds that this case involves exceptional circumstances that are likely to prevent this case from meeting the goals and deadlines set by *California Rules of Court*, rule 3.713(b). Accordingly, this case is exempt from those case disposition time goals. *Id.*, rule 3.714(c)(1). With the input from the parties, the Court shall develop a case progression plan with the goal of disposing of the case within three years. *Id.*, rule 3.714(c)(2).

2.   Prior to the next Status Hearing or Case Management Conference, counsel for the parties shall meet and confer regarding the joint statement required by RSC Local Rule 3160.

3.   Not later than five court days in advance of the next Status Hearing or Case Management Conference, all parties that have appeared shall file the joint statement required by rule 3160 instead of Judicial Council form CM-110 [case management statement]. In addition to the items listed in Rule 3160, the statement shall:

    a.   Advise the Court whether any of the parties or their counsel are aware of any other class action, putative class action, or other type of representative or collective action in this or any other jurisdiction that asserts claims similar to those here on behalf of

Page 1 of 15

a class, putative class, or other group of individuals that in any way overlaps with the putative class alleged here.

b.  Describe the parties' case progression plan, which shall include at least (i) a statement as to whether the parties agree to pursue mediation and (ii) a plan of the informal discovery and any formal discovery to be conducted in preparation for mediation, class certification, or both.

4.  At least five court days before any subsequent Case Management Conference, Status Hearing, or Trial Setting Conference, the parties shall file a joint statement that:

a.  Describes the status of the case, including (i) the results of any mediation or other settlement efforts, (ii) the degree to which the case progression plan has been implemented and (iii) any changes or additions to the case progression plan; and

b.  Identifies any issues or concerns that either party wishes to discuss with the Court.

5.  If mediation is unsuccessful, the case progression plan shall be expanded prior to the next status conference to include (a) a pre-certification discovery schedule, (b) a deadline for filing a motion for class certification, and a proposed briefing schedule for that motion.

6.  The Court will rely on the parties' joint statements in conducting Case Management Conferences and Status Conferences and, where appropriate, will make orders without holding a formal hearing.

C.  ALTERNATIVE DISPUTE RESOLUTION

The court expects the parties to engage in private mediation at the earliest practicable time, i.e., as soon as all parties have obtained – preferably through informal means – sufficient information from the opposing party(s) to enable them to engage in meaningful mediation. If the parties believe that another form of alternative dispute resolution is appropriate for this action, they should explain this in their joint reports as soon as practicable.

D.  DISCOVERY

1.  Counsel are encouraged to engage in informal discovery rather than relying on formal discovery. The Court does not stay or otherwise limit informal discovery.

2.  The discovery stay under RSC Local Rule 3160(B) is vacated as to interrogatories concerning the identity of and contact information for members of the putative class. Any such interrogatories propounded by the plaintiff to the defendant shall be accompanied by (a) a proposed *Belaire West* notice, (b) the name of a proposed third-party administrator, and (c) a proposal regarding the allocation of the cost of the notice.

3.  All other formal discovery concerning class-certification issues is stayed pending further order of the court. Requests for leave to propound formal discovery concerning class-certification issues may be made either by submitting a declaration and proposed order or

by making an oral request at status conferences or at informal conferences with the Court
in accordance with paragraph 5 below. The Court will grant such a request if the applicant
demonstrates:

a.   That the parties have met and conferred to discuss both (i) the scope and sources of
     the information needed either to permit a meaningful mediation or to support or
     oppose a class-certification motion and (ii) whether the parties would agree to
     exchange that information informally;

b.   That the parties were unable to reach an agreement; and

c.   The discovery is reasonably necessary either (i) to permit a meaningful mediation or
     (ii) to make or oppose a certification motion.

4.   All formal discovery concerning solely the merits of the plaintiff's claims (as opposed to
     whether a class should be certified to prosecute those claims) is stayed until a motion
     regarding class certification has been granted.

5.   No discovery motions may be filed without leave of court. If a discovery dispute arises:

a.   The parties shall meet and confer either in person or by telephone in a good-faith
     effort to resolve the dispute. If, despite that effort, the parties are unable to resolve
     the dispute, then counsel shall contact the clerk of this department to schedule an
     informal conference at which the court will discuss the dispute with counsel and, if
     not resolved to the parties' satisfaction, will consider any request for leave to file a
     formal motion.

b.   The conference may be conducted by telephone or in person, as counsel prefer.
     Prior to the conference, the party seeking relief shall provide the clerk of this
     department with a brief (two-to-three sentence) description in writing of the reason
     for the conference. If the conference is to be by telephone, counsel shall also
     provide the clerk with the call-in telephone number and passcode.

c.   If the opposing side will not agree to participate in the informal conference, then the
     moving party shall bring an ex parte application for leave to file a discovery motion.

d.   Requesting an IDC tolls the deadline for the discovery motion. *Cal. Civ. Proc.
     Code* § 2016.080(c)(2).) If the court grants the IDC request, tolling ends on the date
     the IDC is complete.

e.   If the court denies the IDC request, tolling ends on the date the court gives notice of
     the denial, subject to *California Code of Civil Procedure*, section 1013(a).

f.   If the court takes no action on the request, tolling ends 30 calendar days after the
     request. *Cal. Civ. Proc. Code* § 2016.080(d).

E.    REQUESTS FOR DISMISSAL OF CLASS CLAIMS

If the plaintiff seeks to dismiss or otherwise abandon either the entire action, any cause of action asserted on behalf of the putative class, or any defendant against whom any cause of action is asserted on behalf of the class, Court approval must be sought as follows:

1.    The plaintiff shall not use the preprinted Request for Dismissal, Judicial Council form CIV-110.  Instead, the request shall be made by the submission to the court of an Application for Dismissal that includes: (a) a declaration from plaintiff's counsel; (b) a declaration from each named plaintiff; and (c) a proposed order of dismissal.

2.    The declarations shall state whether the plaintiff has attempted to settle the plaintiff's individual claims, and if so, the status of those negotiations.

3.    The declarations must comply with *California Rules of Court*, rule 3.770(a), pertaining to any consideration being paid for the dismissal.  Because the purpose of that rule is to avoid collusion between the parties to the detriment of the potential class members, the showing must be made by declaration rather than by stipulation.

4.    If the dismissal is in exchange for any consideration other than a waiver of costs, the declaration of plaintiff's counsel shall authenticate a fully executed copy of any settlement agreement. In addition, the declaration shall address each of the following:

   a.    What is the form and value of the consideration, how was it calculated, and to whom is it to be paid?

   b.    Is the plaintiff required to execute a release in addition to a dismissal? If so, what is the scope of that release?

   c.    How is the retention of that consideration either by the plaintiff or the plaintiff's attorney consistent with their respective fiduciary duties to the class? In particular, if the plaintiff has negotiated a settlement of any individual claim against any defendant separate from the representative claims, and that settlement provides for the payment to any plaintiff of consideration other than a waiver of costs, the declaration shall as to each such individual claim:

      i.    Estimate both (A) the total amount of damages, monetary penalties, attorney's fees and costs, interest, or other relief that the plaintiff would be awarded if the action were entirely successful at trial on that claim, and (B) the total amount of damages, monetary penalties, attorney's fees and costs, interest, or other relief that the plaintiff could reasonably expect to be awarded at trial, taking into account the likelihood of prevailing and other attendant risks;

      ii.   Briefly describe the basis for those estimates; and

      iii.  Describe the form and value of the consideration to be paid in satisfaction of that claim.

Page 4 of 15

5.   The declarations by plaintiff and plaintiff's counsel shall state (a) whether the declarant has ever informed any of the putative class members – whether formally or informally, orally or in writing, individually or as a group – of the preparation, filing, or pendency of the action, and (b) if so, both (i) the nature and extent of that information and (ii) whether the declarant knows or has a means of discovering the name and mailing address of the putative class member or members to whom that information was communicated.

6.   If the dismissal is in exchange for no consideration other than a waiver of costs, the request shall explain the reason for the dismissal. If the reason is that the named plaintiff no longer wishes to prosecute the case on behalf of the putative class:

   a.   The plaintiff shall explain the reason for his or her change of heart.  Simply stating that the plaintiff no longer wishes to represent the class is not sufficient.

   b.   The plaintiff's counsel shall explain why counsel wishes to abandon the class claims rather than locate a new class representative.

7.   Any request shall explain why the putative class members will not be prejudiced by the requested dismissal.

## F.   MOTIONS & APPLICATIONS GENERALLY

1.   A party making an ex parte application must, inter alia, "[a]ttempt to determine whether the opposing party will appear to oppose the application." *Cal. Rules of Court*, rule 3.1204(a)(2).  That attempt shall be made by telephone.  Written notice asking the opposing party to inform the moving party of the opposing party's intentions is not sufficient.

2.   A party desiring an order shortening time for notice of a motion shall not bring an ex parte application for such an order until that party has first (a) reserved the earliest available hearing date for the motion and (b) filed the motion.  The Court will not deem the ex parte application as constituting the motion to be heard.

## G.   MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENT

If the matter is settled, a motion for preliminary approval of the settlement must be filed.  All applications for such approval shall be made by noticed motion, and shall be supported by declaration.  In order to aid the Court's review, all declarations filed in support of a motion for preliminary approval shall include appropriate headings that identify the specific paragraph of Section G which is being addressed.  For example, counsel's estimate of the number of individuals in the class should be preceded by a heading that identifies G(3)(a)(1), and counsel's estimate of the recovery by the average class member if the settlement were approved should be preceded by heading that identifies G(3)(a)(iv).

1.   Settlement Agreements in General

    a.    The settlement agreement shall not provide that any order, notice, form, or judgment shall include any provision that this order prohibits from being included in such a document.  (See §§ G.3 through G.9, *infra*.)

    b.    The settlement agreement shall be written, signed by all necessary parties, and filed, either in the form of a separate stipulation or as an authenticated attachment to a declaration of counsel.

2.   Notices of Settlement

Regardless of the terms of the proposed settlement, counsel shall not file a Notice of Settlement of Entire Case (Judicial Council form CM-200).

3.   The Motion in General

    a.    The motion shall be supported by a declaration from the plaintiff's attorney that, inter alia:

        i.    Sets forth the attorney's estimate of the number of individuals in the class.

        ii.    (A) Sets forth the attorney's estimate of the total amount of damages, monetary penalties or other relief that the class would be awarded on each claim if that claim were entirely successful at trial; (B) explains how that estimate was calculated; and (C) states the collective total for all of the claims.

        iii.    Sets forth: (A) the attorney's estimate as to each claim of the total amount of damages, monetary penalties or other relief that the class could reasonably expect to be awarded at trial, taking into account difficulties of proof, the defendant's defenses, and other attendant risks; (B) the attorney's reasons for those estimates; (C) and the likely award at trial for all claims collectively.

        iv.    Sets forth the attorney's estimate of the recovery by the average class member if the settlement were approved.  If the recovery by different class members will vary, the attorney shall also estimate the range (high and low) of possible recoveries.

        v.    Describes in detail the nature and extent of the formal and informal discovery exchanged and other factual investigation conducted to determine the size of the class and the strength of the class claims.

        vi.    States (A) whether the attorney is aware of any class, representative or other collective action in any other court in this or any other jurisdiction that asserts claims similar to those asserted in this action on behalf of a class or group of individuals some or all of whom would also be members of the class defined in this action and (B) whether the attorney made reasonable inquiry of other members of the attorney's law firm and any associated law firm to determine whether those individuals are aware of any such similar

actions.  If any such similar actions are known to exist, the declaration shall also state (C) the name and case number of any such case, the nature of the claims asserted, the definition of the class or other parties on whose behalf the action is brought, and the procedural status of that case.

b. The motion shall be supported by a declaration from the defendant's attorney that states (i) whether the attorney is aware of any class, representative or other collective action in any other court in this or any other jurisdiction that asserts claims similar to those asserted in this action on behalf of a class or group of individuals some or all of whom would also be members of the class defined in this action and (ii) the name and case number of any such case, the nature of the claims asserted, the definition of the class or other parties on whose behalf the action is brought, and the procedural status of that case.

c. The motion shall describe how the value of any uncashed checks, unpaid cash residue, or other unclaimed or abandoned funds will be distributed.

   i. The Court believes that redistribution of the value of uncashed settlement check to those class members who have cashed their checks will better serve the public interest and the interest of the class than distribution in the manner otherwise prescribed by *California Code of Civil Procedure* section 384(b). If one or more of the parties disagree, then the motion shall be supported by a declaration from a party or the party's counsel explaining the factual basis for the disagreement.

   ii. If the parties propose to pay any unclaimed funds to a charitable organization, the motion shall be supported by a declaration from a knowledgeable person from the proposed recipient.  The declaration shall:

      A. Establish that the recipient is a nonprofit organization, foundation, or program of the type described in that subdivision.

      B. Describe the history of the recipient, the types of projects that it has conducted or supported over the last five years, and any particular use to which it would intend to devote the unpaid residue if received.

      C. Describe the geographic area in which the recipient operates in general, and the nature and extent of the services it provides in Riverside County in particular.

   iii. The declarations of the attorneys for the plaintiff and for the defendant shall describe both (A) any relationship between the proposed recipient and (1) any class representative or other party, (2) any officer, director, or manager of any party, or (3) any attorney or law firm for any party, and (B) the inquiries the attorney made to determine whether there is any such relationship.

d.    If the settlement contemplates the use of an administrator to implement the terms of the settlement, the motion shall be supported by:

 i.    A declaration from the plaintiff's attorney, stating whether bids were sought from multiple potential administrators and, if so, the results of that competitive bidding. If the parties did not select the lowest bidder, the declaration shall explain that decision.

 ii.    A declaration from the administrator describing:

  A.    The administrator's experience;

  B.    The fee to be charged by the administrator to perform the services described in the settlement agreement and proposed order;

  C.    Whether that fee is (1) fixed, (2) hourly, or (3) hourly with a cap; and

  D.    How the fee was calculated.

e.    Any release to be given by the participating class members (other than the class representatives) shall be limited to:

 i.    The defendants named in the complaint, together with their officers, directors, employees and agents.  If any other parties are sought to be released, the motion shall both (A) identify those other parties by name and (B) explain the facts that justify their inclusion.

 ii.    The claims stated in the complaint and those based solely upon the facts alleged in the complaint.

 iii.    Liability that arose during the class period as defined by the settlement agreement.

f.    If notice is not to be given by first class mail to addresses believed to be current, the motion shall discuss the proposed method of giving notice, the alternative methods considered, and the reasons that the proposed method is the one most likely to give actual notice to the greatest number of class members.

g.    If the settlement requires any of the class members to submit claims, the motion shall explain why a claim process is reasonably necessary.  If the defendant knows (A) the identity of the class members, (B) their addresses or former addresses, and (C) the facts necessary to calculate the recovery of each class member, the Court will require a strong showing of necessity for a claims process.

h.    If the settlement provides that any portion of the consideration paid or deposited by the defendant may revert to the defendant, the motion shall explain (i) the circumstances under which that reversion would occur, (ii) the maximum amount of any reversion, and (iii) why that reversion is fair.

i.    The motion shall describe how individual settlement payments will be allocated for tax purposes.

k.    The documents that will be read by or used by the class members – the proposed
      notice, objection form, exclusion form, and any claim form – shall be drafted in a
      manner that is likely to be readily understood by the members of the class.

      i.    In particular, they shall not contain any Latin terms (such as et al. and et
            seq.), any legal terms of art, or any unfamiliar symbols or abbreviations
            (such as §, LLC, and IWO).

      ii.   To assist the Court in determining whether those documents comply with
            that directive, the motion shall be supported by a declaration of the defendant
            on personal knowledge concerning the likely age, education, and experience
            of the class members, and of their ability to read and comprehend English.

4.    The Proposed Order

      a.    The motion shall be accompanied by a separate proposed order which shall include,
            as attachments to the order, the proposed notice (*Cal. Rules of Court*, rule 3.769(e)),
            proposed exclusion form, proposed objection form, any proposed claim form, and
            any other form that is proposed to accompany the notice. The Court is likely to
            modify those proposed forms.  Therefore, the Court will not issue an order that
            merely incorporates by reference the forms attached to the settlement agreement.

      b.    The settlement agreement shall not be attached to the order.

      c.    Counsel shall carefully review both the terms and the terminology of the order and
            accompanying forms (notice, objection form, exclusion form, and any claim form)
            to confirm that the various documents are internally consistent, consistent with each
            other, and consistent with the settlement agreement.

      d.    The order shall state the name of any settlement administrator, and shall describe
            the nature of the services that the administrator will be required to perform, either
            directly or by reference to the settlement agreement.

      e.    The order shall provide that the notice shall be accompanied by an exclusion form
            that the class members may use. The order shall provide that any exclusion form
            shall be submitted to the settlement administrator rather than filed with the court.
            The order shall not require the class member to send copies of the exclusion form to
            counsel, but may require the settlement administrator to do so. The order shall
            provide that the settlement administrator shall file a declaration concurrently with
            the filing of any motion for final approval, authenticating a copy of every exclusion
            form received by the administrator.

      f.    The proposed order shall provide that the notice shall be accompanied by an
            objection form that the class members may use. The order shall provide that any
            objection shall be submitted to the settlement administrator rather than filed with
            the court. The order shall not require the class member to send copies of the
            objection form to counsel, but may require the settlement administrator to do so.
            The order shall provide that the settlement administrator shall file a declaration

concurrently with the filing of any motion for final approval, authenticating a copy of every objection form received by the administrator.

g.  Neither the order, the notice, nor the objection form shall require an objecting party to do either of the following, either personally or through counsel:

   i.   To appear at the hearing on the motion for final approval for that party's objection to be considered.

   ii.  To file or serve, or to state in the objection, a notice of intention to appear at the hearing on the motion for final approval.

h.  The order shall provide a proposed date for the Final Approval Hearing. The order shall require that either counsel or the administrator must give notice to any objecting party of any continuance of the hearing of the motion for final approval.

i.  Neither the order nor the notice shall purport to enjoin the class members from filing any actions or administrative claims or proceedings pending the final hearing on the settlement, or for any other period.

j.  If notice is to be given by mail, and if the class members will be required to submit a claim form, the order shall provide:

   i.   That the notice be accompanied by a stamped envelope addressed to the claims administrator; and

   ii.  That the claims administrator be required to send a reminder notice to every class member from whom no claim or exclusion request is received within 30 days of mailing the notice.

5.  <u>The Proposed Notice</u>

a.  The notice shall include an estimate of the likely recovery by the individual class member to whom the notice is sent, if known. If it is not known, the notice shall include an estimate of the likely recovery by the average class member. If the recovery by different members will vary, the notice shall also include an estimate of the range of possible recoveries.

b.  To avoid discouraging any dissenting class members from objecting to the proposed settlement, the notice shall clearly indicate that the Court has determined only that there is sufficient evidence to suggest that the proposed settlement might be fair, adequate, and reasonable, and that any final determination of those issues will be made at the final hearing.

c.  The notice shall advise the class members of where they can find the settlement agreement, by describing (i) the full title and filing date either of the settlement agreement or of the declaration or other document to which the agreement was attached when filed with the Court, (ii) the address of the courthouse to which the case is assigned, and (iii) the address of the court's website at which the case file can be viewed on-line.

d.   Neither the notice nor the documents enclosed with it shall describe any settlement administrator as the "claims administrator" unless the class members are required to submit claims.

e.   The notice shall include a description of any release being given by the class members.

6.   The Proposed Claim Form

The information required to be provided by the class member on any claim form shall not exceed the minimum information necessary to (a) identify the claimant, (b) process the claim, and (c) contact the claimant to clarify any uncertainties.

7.   The Proposed Objection Form

a.   The objection form shall (i) instruct the objecting class member that the objection must be mailed or delivered to the settlement administrator, (ii) state the name and address of the settlement administrator, and (iii) state the date by which the objection must be mailed or otherwise delivered.

b.   The information required to be provided by an objecting class member on the objection form shall not exceed the minimum information necessary to (i) identify the objector as a person entitled to object to the settlement, (ii) describe the nature of and basis for the objection, and (iii) contact the objector to clarify any uncertainties.

c.   If a claim must be submitted to participate in the settlement, the objection form shall remind the objector that, to participate in the settlement in the event that the objection is overruled, the objector must also submit a claim.

8.   The Proposed Exclusion Form

a.   The exclusion form shall (i) instruct the class member seeking exclusion that the exclusion form must be mailed or delivered to the settlement administrator, (ii) state the name and address of the settlement administrator, and (iii) state the date by which the exclusion form must be mailed or otherwise delivered.

b.   The information required to be provided by a class member on the exclusion form shall not exceed the minimum information necessary to (i) identify the person as a class member and (ii) contact the person to clarify any uncertainties.

9.   Revised Documents

If the Court either denies the motion or continues the hearing on the motion, and if the plaintiff thereafter files any amended settlement agreement, order, notice or form in support of either that motion or a renewed motion, the plaintiff shall file a declaration authenticating a "red-lined" version of the amended document, showing how the earlier version was modified.

H.   <u>MOTIONS FOR FINAL APPROVAL OF A SETTLEMENT</u>

If a motion for preliminary approval is granted, the plaintiff must thereafter move for final
approval of the settlement.

1.   The order granting preliminary approval will set the date for the hearing on the plaintiff's
     motion for final approval.  Promptly after the entry of that order, the plaintiff shall reserve
     a law and motion hearing on the date set in the order.

2.   Any request for a "service," "enhancement," or "incentive" payment to a named class
     representative shall be supported by a declaration from the proposed recipient in which the
     declarant:

     a.   Describes the services performed by the declarant to further the prosecution of the
          action;

     b.   Estimates the time incurred by the declarant in performing those services;

     c.   Describes any risks assumed or benefits received by the declarant in prosecuting the
          action;

     d.   Describes any adverse consequences actually suffered by the declarant as a result of
          prosecuting the action; and

     e.    States the amount that the declarant expects to receive as a class member.

3.   Any request of attorney's fees shall be supported by a declaration of plaintiff's counsel that
     provides evidence of the total amount of time spent by counsel, a description of the work
     performed, the reasonableness of the fees charged and a detailed description of the costs
     actually incurred.  Additionally, if relevant, the request for fees shall also advise the Court
     whether there is an agreement about how attorney fees will be paid, including fee splitting,
     and whether the client(s) has been given written notice.

4.   Any request for compensation for expenses incurred by the plaintiff's attorneys shall be
     supported by a detailed declaration or other evidence describing the date, nature, and
     amount of each expense incurred.

5.   The motion shall be accompanied by a declaration from the settlement administrator. That
     declaration shall:

     a.   Describe both (i) the administrator's distribution of the notice, objection form,
          exclusion form, and any claim form, and (ii) the results thereof.  If claims are
          required, the declaration shall describe the number of claims received and the total
          value of the claims. The declaration shall clearly distinguish between valid forms
          and any forms that are untimely, incomplete, or otherwise invalid.

     b.   Attach and authenticate (i) a copy of the final version of the notice and of all forms
          enclosed with it, including the objection form, the exclusion form, and any claim
          form, (ii) a copy of every objection form received, and (iii) a copy of every
          exclusion form received. If the reasons stated on any objection form are in a

language other than English, the administrator shall include a translation into English.

c.  Describe (i) the services performed by the administrator to the date of the declaration, (ii) the time and expenses incurred to perform those services, and (iii) either the fee charged for those the services or the agreed-upon flat fee.

d.  Describe (i) the services to be performed by the administrator after the date of the declaration, (ii) the estimated time and expenses needed to perform those services, and (iii) either the estimated fee for those the services or the agreed-upon flat fee.

6.  The motion shall be accompanied by a proposed judgment or, if counsel prefer, a proposed combined order and judgment.

7.  The judgment shall require that:

a.  Any envelope transmitting a settlement distribution to a class member shall bear the notation, "YOUR CLASS ACTION SETTLEMENT CHECK IS ENCLOSED."

b.  Any settlement distribution check shall be negotiable for at least 90 days but not more than 180 days from the date of mailing.

c.  The administrator shall mail a reminder postcard to any class member whose settlement distribution check has not been negotiated within 60 days after the date of mailing.

d.  If (i) any of the class members are current employees of the defendant, (ii) the distribution mailed to those employees is returned to the administrator as being undeliverable, and (iii) the administrator is unable to locate a valid mailing address, the administrator shall arrange with the defendant to have those distributions delivered to the employees at their place of employment.

8.  The first reference in the judgment to the settlement agreement shall include a statement of (a) the title of the settlement agreement, (b) the date the agreement was filed, and (c) the name of the document to which the agreement was attached, if any.

9.  The judgment shall state the names of any class members who excluded themselves from the settlement, if any.

10. If multiple law firms represent the plaintiff, the judgment shall separately state the fees and expenses to be paid to each firm.

11. If the settlement agreement provides for the distribution of any funds to a *cy pres* recipient, the judgment shall state the recipient's name and address, and shall describe the circumstances under which funds would be paid to that recipient.

12. The judgment shall not:

a.  Expose the class members to a potential contempt charge by barring or otherwise enjoining the class members from prosecuting the released claims.

    b.    Include a provision that the class members shall be deemed to have agreed not to sue on any released claims, or any other provision that may expose the class members to potential liability for either breach of contract or misrepresentation.

    c.    Provide for the dismissal of the action.  (Cal. Rules of Court, rule 3.769(h).)

13.    The judgment may restrict the plaintiff and the defendant from offering the settlement agreement into evidence in actions between each other, but shall not purport to prevent other parties from doing so or to otherwise predetermine its admissibility in litigation involving third parties.

14.    The judgment shall describe both the text of the notice of entry of judgment to be given to the class members *California Rules of Court*, rule 3.771(b), the party or person required to give that notice, and the manner in which that notice is to be given.

15.    If the Court either denies the motion for final approval or continues the hearing on the motion, and if the plaintiff thereafter files any amended proposed order or judgment, or other document in support of either that motion or a renewed motion, the plaintiff shall file a declaration authenticating a "red-lined" version of the amended document, showing how the earlier version was modified.

16.    The order granting the motion for final approval shall provide a date for the Final Report (Nonappearance) Hearing and a deadline for the filing of a report concerning the amount of money distributed.

I.    <u>FINAL REPORT (NONAPPEARANCE) HEARING</u>

Any report pursuant to *California Code of Civil Procedure* section 384(b), shall be filed within 5 court days of the nonappearance hearing and shall be in the form of a declaration from the administrator or other declarant with personal knowledge of the facts, and, if there is unpaid residue to be distributed, shall be accompanied by a proposed amended judgment.  The report shall be in the form of a declaration from the settlement administrator or other declarant with personal knowledge of the facts, and to describe (i) the date the checks were mailed, (ii) the total number of checks mailed to class members, (iii) the average amount of those checks, (iv) the number of checks that remain uncashed, (v) the total value of those uncashed checks, (vi) the average amount of the uncashed checks, and (vii) the nature and date of the disposition of those unclaimed funds.

If applicable, the proposed amended judgment shall require counsel for Plaintiff to send a copy of any amended judgment which distributes funds to a cy pres recipient to the Judicial Council in compliance with *California Code of Civil Procedure* section 384.5. Further the correspondence by counsel shall include a cover letter providing the Judicial Council with the information required pursuant to *California Government Code* section 68520.  Proof of Service shall be filed with the court within 15 days of the filing of the judgment.

J.    MOTIONS REGARDING CLASS CERTIFICATION

1.    No motion for class certification or to deny class certification shall be filed without leave of court. Before leave to file such a motion is requested, the Court expects the parties to have exhausted efforts to mediate a resolution of the case.

2.    At the time that the Court grants leave of court to file either a motion for class certification or a motion denying class certification, the Court will also establish a briefing schedule and will set a status conference on a date after the reply brief is due. At the status conference, the Court will determine the date on which the motion will be heard. The hearing date may be far enough in the future to allow for further mediation.

3.    If multiple classes or subclasses are alleged, the motion shall address the issues of definition, ascertainability and numerosity separately as to each class or subclass.

4.    If multiple class representatives are proposed, the motion shall address the issues of typicality and adequacy of representation separately as to each representative.

5.    If multiple class claims are alleged, the motion shall address the issue of whether common questions of law and fact predominate separately as to each such claim.

6.    A motion for class certification shall include:

    a.    A trial plan that explains how the plaintiff will establish a prima facie case at trial. If the plaintiff intends to rely upon statistical evidence to prove any portion of any class claim, the plan shall describe that evidence and how it will be used to promote manageability. If the defendant has raised any affirmative defenses that rely upon individual evidence, the plan that explains how those defenses can be litigated.

    b.    A declaration of proposed class counsel, describing his or her experience in representing a class at trial.

Harold W. Hopp
Judge of the Superior Court

Page 15 of 15

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2204524

**Case Name:**    VALENZUELA vs WEST MARINE PRODUCTS INC.

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Notices Mailed: Class Action Case Management Order #1

Dated: 10/27/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

E. Escobedo, Deputy Clerk

CW-CCM
(Rev. 08/24/17)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2204524

KNOWLES, VICTORIA
4100 NEWPORT PLACE DRIVE SUITE 800

Newport Beach, CA 92660

FERRELL, SCOTT J.
4100 NEWPORT PLACE DRIVE SUITE 800

Newport Beach, CA 92660

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2204524

**Case Name:**   VALENZUELA vs WEST MARINE PRODUCTS INC.

VICTORIA KNOWLES
4100 NEWPORT PLACE DRIVE SUITE 800

Newport Beach, CA 92660

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|:---:|:---:|:---:|
| 12/23/2022 | 10:30 AM | Department 10 |
| Location of Hearing: **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|---|---|
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 10/20/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

D. Vitito, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2204524

**Case Name:**    VALENZUELA vs WEST MARINE PRODUCTS INC.

SCOTT J. FERRELL
4100 NEWPORT PLACE DRIVE SUITE 800

Newport Beach, CA 92660

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 12/23/2022 | 10:30 AM | Department 10 |
| Location of Hearing: **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)





| Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 10/20/2022                                     W. SAMUEL HAMRICK JR.,
                                                      Court Executive Officer/Clerk of Court


                                           by: _____
                                                D. Vitito, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2204524

**Case Name:**    VALENZUELA vs WEST MARINE PRODUCTS INC.

SONYA VALENZUELA

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|:---:|:---:|:---:|
| 12/23/2022 | 10:30 AM | Department 10 |
| Location of Hearing: | | |
| **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)





Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 10/20/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by:  _____
D. Vitito, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2204524

**Case Name:**    VALENZUELA vs WEST MARINE PRODUCTS INC.

WEST MARINE PRODUCTS INC.

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 12/23/2022 | 10:30 AM | Department 10 |
| Location of Hearing:<br>4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-888-5460 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

 

| | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|---|---|
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 10/20/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
D. Vitito, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2204524


KNOWLES, VICTORIA                          FERRELL, SCOTT J.
4100 NEWPORT PLACE DRIVE SUITE 800         4100 NEWPORT PLACE DRIVE SUITE 800

Newport Beach, CA 92660                    Newport Beach, CA 92660


VALENZUELA, SONYA                          WEST MARINE PRODUCTS INC.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2204524

**Case Name:**    VALENZUELA vs WEST MARINE PRODUCTS INC.

VICTORIA KNOWLES
4100 NEWPORT PLACE DRIVE SUITE 800

Newport Beach, CA 92660

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Notices Mailed: Class Action Case Management Order #1

Dated: 10/27/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

E. Escobedo, Deputy Clerk

CW-CCM
(Rev. 08/24/17)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**    CVRI2204524

**Case Name:**    VALENZUELA vs WEST MARINE PRODUCTS INC.

SCOTT J. FERRELL
4100 NEWPORT PLACE DRIVE SUITE 800

Newport Beach, CA 92660

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Notices Mailed: Class Action Case Management Order #1

Dated: 10/27/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

E. Escobedo, Deputy Clerk

CW-CCM
(Rev. 08/24/17)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2204524


KNOWLES, VICTORIA                      FERRELL, SCOTT J.
4100 NEWPORT PLACE DRIVE SUITE 800     4100 NEWPORT PLACE DRIVE SUITE 800

Newport Beach, CA 92660                Newport Beach, CA 92660

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2204524

**Case Name:**    VALENZUELA vs WEST MARINE PRODUCTS INC.

VICTORIA KNOWLES
4100 NEWPORT PLACE DRIVE SUITE 800

Newport Beach, CA 92660

## NOTICE OF RETURN DOCUMENT

The court is unable to process the *Notice and Acknowledgment of Receipt* for the reason(s) indicated below:

The Notice and Acknowledgment received via eFile (22RSCR00255853) has been rejected for the incorrect document type; may want to use Proof of Service for Summons and Complaint for all service types.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 11/08/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
V. Gonzalez, Deputy Clerk

CW-NDR
(Rev. 10/07/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2204524

**Case Name:**    VALENZUELA vs WEST MARINE PRODUCTS INC.

SCOTT J. FERRELL
4100 NEWPORT PLACE DRIVE SUITE 800

Newport Beach, CA 92660

### NOTICE OF RETURN DOCUMENT

The court is unable to process the *Notice and Acknowledgment of Receipt* for the reason(s) indicated below:

The Notice and Acknowledgment received via eFile (22RSCR00255853) has been rejected for the incorrect document type; may want to use Proof of Service for Summons and Complaint for all service types.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 11/08/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

V. Gonzalez, Deputy Clerk

CW-NDR
(Rev. 10/07/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2204524

**Case Name:**   VALENZUELA vs WEST MARINE PRODUCTS INC.

SONYA VALENZUELA

## NOTICE OF RETURN DOCUMENT

The court is unable to process the *Notice and Acknowledgment of Receipt* for the reason(s) indicated below:

The Notice and Acknowledgment received via eFile (22RSCR00255853) has been rejected for the incorrect document type; may want to use Proof of Service for Summons and Complaint for all service types.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 11/08/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
V. Gonzalez, Deputy Clerk

CW-NDR
(Rev. 10/07/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**  CVRI2204524

**Case Name:**  VALENZUELA vs WEST MARINE PRODUCTS INC.

VICTORIA KNOWLES
4100 NEWPORT PLACE DRIVE SUITE 800

Newport Beach, CA 92660

## NOTICE OF RETURN DOCUMENT

The court is unable to process the *Notice and Acknowledgment of Receipt* for the reason(s) indicated below:

The Notice and Acknowledgment received via eFile (22RSCR00255853) has been rejected for the incorrect document type; may want to use Proof of Service for Summons and Complaint for all service types.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 11/08/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

V. Gonzalez, Deputy Clerk

CW-NDR
(Rev. 10/07/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2204524

**Case Name:**    VALENZUELA vs WEST MARINE PRODUCTS INC.

SCOTT J. FERRELL
4100 NEWPORT PLACE DRIVE SUITE 800

Newport Beach, CA 92660

## NOTICE OF RETURN DOCUMENT

The court is unable to process the *Notice and Acknowledgment of Receipt* for the reason(s) indicated below:

The Notice and Acknowledgment received via eFile (22RSCR00255853) has been rejected for the incorrect document type; may want to use Proof of Service for Summons and Complaint for all service types.

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 11/08/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
V. Gonzalez, Deputy Clerk

CW-NDR
(Rev. 10/07/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2204524

**Case Name:**    VALENZUELA vs WEST MARINE PRODUCTS INC.

SONYA VALENZUELA

## NOTICE OF RETURN DOCUMENT

The court is unable to process the *Notice and Acknowledgment of Receipt* for the reason(s) indicated below:

The Notice and Acknowledgment received via eFile (22RSCR00255853) has been rejected for the incorrect document type; may want to use Proof of Service for Summons and Complaint for all service types.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 11/08/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
    V. Gonzalez, Deputy Clerk

CW-NDR
(Rev. 10/07/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2204524

**Case Name:**    VALENZUELA vs WEST MARINE PRODUCTS INC.

VICTORIA KNOWLES
4100 NEWPORT PLACE DRIVE SUITE 800

Newport Beach, CA 92660

### NOTICE OF RETURN DOCUMENT

The court is unable to process the *Notice and Acknowledgment* for the reason(s) indicated below:

The Notice and Acknowledgment received via eFile (22RSCR00256270) has been rejected for the incorrect document type; may want to use Proof of Service for Summons and Complaint for all service types.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 11/09/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
V. Gonzalez, Deputy Clerk

CW-NDR
(Rev. 10/07/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2204524

**Case Name:**    VALENZUELA vs WEST MARINE PRODUCTS INC.

SCOTT J. FERRELL
4100 NEWPORT PLACE DRIVE SUITE 800

Newport Beach, CA 92660

### NOTICE OF RETURN DOCUMENT

The court is unable to process the *Notice and Acknowledgment* for the reason(s) indicated below:

The Notice and Acknowledgment received via eFile (22RSCR00256270) has been rejected for the incorrect document type; may want to use Proof of Service for Summons and Complaint for all service types.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 11/09/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
    V. Gonzalez, Deputy Clerk

CW-NDR
(Rev. 10/07/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2204524

**Case Name:**    VALENZUELA vs WEST MARINE PRODUCTS INC.

SONYA VALENZUELA

## NOTICE OF RETURN DOCUMENT

The court is unable to process the *Notice and Acknowledgment* for the reason(s) indicated below:

The Notice and Acknowledgment received via eFile (22RSCR00256270) has been rejected for the incorrect document type; may want to use Proof of Service for Summons and Complaint for all service types.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 11/09/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

V. Gonzalez, Deputy Clerk

CW-NDR
(Rev. 10/07/21)

Electronically FILED by Superior Court of California, County of Riverside on 11/10/2022 08:43 AM
Case Number CVRI2204524 0000039342759 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Dallas Vitito, Clerk

**POS-015**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Scott J. Ferrell    (Bar # 202091)<br>PACIFIC TRIAL ATTORNEYS, APC<br>4100 Newport Place Drive, Suite 800<br>Newport Beach, CA 92660<br>TELEPHONE NO.: (949) 706-6464    FAX NO. *(Optional):* (949) 706-6469<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS: 4050 MAIN STREET
MAILING ADDRESS:
CITY AND ZIP CODE: RIVERSIDE, CA 92501
BRANCH NAME: HISTORIC COURT HOUSE

PLAINTIFF/PETITIONER: SONYA VALENZUELA, et al.

DEFENDANT/RESPONDENT: WEST MARINE PRODUCTS INC., et al.

| | CASE NUMBER: |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CVRI 2204524 |

TO *(insert name of party being served):* WEST MARINE PRODUCTS INC., a Florida corporation

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 26, 2022

_____
Mandy K. Jung
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X]  A copy of the summons and of the complaint.
2. [X]  Other *(specify):*
   Certificate of Counsel, Civil Case Coversheet, Notice of Department Assignment, Notice of Case Management Conference, ADR Information Package

*(To be completed by recipient):*

Date this form is signed: October 28, 2022

_____
Paul A. Rosenthal
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

Fox Rothschild LLP

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Attorneys for Defendant West Marine Products Inc.

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

LexisNexis® Automated California Judicial Council Forms